NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO BARRAGAN MENDOZA; et al., | No. 20-70339 |
| Petitioners, | Agency Nos. A206-677-643 |
| v. | A206-674-655 |
| | A206-677-640 |
| | A206-677-641 |
| MERRICK B. GARLAND, Attorney General, | A206-677-642 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Francisco Barragan Mendoza, his wife, and their three children, natives and

citizens of Mexico, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

denying their application for asylum, withholding of removal, and relief under the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that the harm petitioners experienced did not rise to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (record did not compel finding that harm rises to the level of persecution). Substantial evidence also supports the agency's determination that petitioners did not establish a well-founded fear of future persecution. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) (petitioner's fear of future persecution was not objectively reasonable where similarly situated family members continued to live in home country unharmed). Thus, petitioners' asylum claim fails.

In their counseled opening brief, petitioners do not raise any challenge to the agency's determination that Barragan Mendoza did not establish the requisite likelihood of persecution for withholding of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Barragan Mendoza's

withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Barragan Mendoza failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (claims of possible torture were speculative).

We lack jurisdiction to consider petitioners' contentions that the IJ applied an incorrect standard and failed to provide a sufficiently reasoned decision because they failed to raise the issues to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Petitioners' contentions that the agency failed to consider evidence and that the BIA failed to adequately explain its reasoning lack merit. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000); *see also Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the agency reviewed the record).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**